Filed 7/23/14  P. v. Boston CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059400 |
| v. | (Super.Ct.No. SWF1300751) |
| HAVLOC A. BOSTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.
Affirmed.

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and
Appeallant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney
General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H.
Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Havloc Boston is serving 15 years in state prison after he violated his
probation by contacting the victim of his human trafficking activities despite a criminal

1

protective order. He had received probation as part of a plea bargain in which he pled guilty to human trafficking and possessing marijuana for sale. Defendant asks this court to formally terminate the criminal protective order as no longer valid to avoid confusion. As discussed below, the order by its own terms became invalid when defendant was sentenced to state prison, and thus this court need not formally terminate it.

## FACTS[1] AND PROCEDURE

On January 25, 2013, undercover law enforcement arrested the victim for prostitution in Hemet. Defendant was arrested a short time later after he briefly pulled into the parking lot outside the hotel room where the victim was arrested. Defendant had 17 ounces of marijuana in his car. Under questioning by law enforcement, the victim told them defendant was her boyfriend of 10 months and that she supported them both by working as a prostitute.

On January 30, 2013, the People filed a complaint alleging defendant committed pimping (Pen. Code, § 266h)[2] and human trafficking for the purpose of prostitution (§ 236.1, subd. (b)) and possessed marijuana for sale (Health & Saf. Code, § 11360, subd. (a)).

On February 28, 2013, defendant pled guilty to human trafficking and possessing marijuana for sale in exchange for a grant of probation. Also on that date, the court placed defendant on felony probation for 36 months, ordered him to serve 365 days in

---

[1] Because defendant pled guilty to the charges, the facts of the crimes are taken from the probation report.

2

jail, and issued a criminal protective order under section 136.2 prohibiting defendant from having contact with the victim. The order was made a condition of defendant's probation.

On April 19, 2013, the People filed a petition to violate defendant's probation under section 1203.2, subdivision (b). The People alleged defendant violated his probation by continuing to contact the victim. As of March 17, 2013, defendant had made fourteen telephone calls to the victim while he was in custody. Defendant demanded the victim place money in his jail account and threatened to violently assault her.

On July 10, 2013, defendant submitted a stipulation of fact stating that he "knowingly had direct telephonic contact with [the victim] after being placed on probation during the term of probation in the above-entitled action." The superior court found defendant to be in violation of his probation.

On August 21, 2013, the superior court terminated defendant's probation and sentenced him to the mid-term of 14 years for human trafficking and one year on the marijuana charge, for a total of 15 years. The court incorrectly stated that the criminal protective order was still in effect, and had not yet been recalled.

This appeal followed.

---

2 All section references are to the Penal Code unless otherwise indicated.

DISCUSSION

Defendant argues the superior court should have acted affirmatively to terminate the criminal protective order at sentencing on August 21, 2013. Instead, the superior court muddied the waters when it advised defendant to the contrary: "Mr. Boston, I do just want to remind you that the criminal protective order that was issued by Judge Johnson at the time of the entry of the plea is still in effect. The violation of that order can technically be a crime in and of itself for which, if you were to violate, you could receive a consecutive term. So, it has not been recalled yet."

Defendant now asks this court to do what he contends the trial court should have done but did not: take affirmative action to terminate the criminal protective order.

The restraining order was issued under section 136.2. As both parties point out in their respective briefs, the notice itself states that it is "not valid after imposition of a state prison commitment" and cites to *People v. Stone* (2004) 123 Cal.App.4th 153, superseded by statute on another point as stated in *Babalola v. Superior Ct.* (2011)192 Cal.App.4th 948, 951 The substance of the law is not at dispute here—both defendant and the People agree that, once the superior court terminated defendant's probation and imposed a state prison sentence, the criminal protective order automatically terminated.

"Although section 136.2 does not indicate on its face that the restraining orders it authorizes are limited to the pendency of the criminal action in which they are issued or to probation conditions, it is properly so construed. It authorizes injunctions only by courts with jurisdiction over criminal proceedings and is aimed at protecting only 'victim[s] or witness[es],' an indication of its limited nature and focus on preserving the

4

integrity of the administration of criminal court proceedings and protecting those participating in them. . . . The narrower scope of section 136.2 suggests that the Legislature did not intend it to authorize restraining orders beyond those germane to the proceedings before the criminal court." (*People v. Stone, supra,* 123 Cal.App.4th at p. 159.)

What is in dispute is whether this court should act to "expressly terminate" the criminal protective order as defendant contends is necessary "to avoid unnecessary confusion." Defendant fears that law enforcement and other courts may be misled into believing that the order is still valid because of the superior court's comments to that effect at sentencing and because the front page of the order provides that "This order expires on (date): _____ If no date is listed, this order expires three years from the date of issuance."

We conclude that this court need not and should not take action to terminate a criminal protective order that has already terminated by operation of law. Despite the superior court's inaccurate comments and the language on the front page of the order indicating the order expires *not longer than* three years after issuance (February 28, 2016), the reverse side of the order clearly states that it "is not valid after imposition of a state prison commitment." As a matter of judicial economy, then, and so as to not

encourage further appeals asking this court to perform a legal act that has already taken place as a matter of law, we decline to do as defendant requests.[3]

### DISPOSITION

The judgment and sentence are affirmed.  The challenged criminal protective order is invalid as a matter of law.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.[*]

We concur:

RAMIREZ
P. J.

RICHLI
J.

---

[*] Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

[3] If nothing else, defendant can point to this opinion as one of several legal authorities, including the order itself and applicable case law, that confirm the criminal protective order at issue is no longer valid.